

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

October 25, 1947

Hon. L. A. Woods
State Superintendent
Department of Education
Austin, Texas

Opinion No. V-414

Re: Authority of State
Superintendent under
H.B. 295, 50th Leg.,
to employ a person
to make repairs to
films, film strips,
and slides

Dear Sir:

Reference is made to your letter of August 26, 1947, requesting our opinion as to whether the State Superintendent is permitted to hire a person to repair films, film strips and slides in the Audio Visual Division (Radio and Visual Education Division) of the Department of Education to be paid from the appropriation for this Division in H. B. 295, 50th Legislature.

In H. B. 295, 50th Legislature, otherwise known as the State Aid Bill for the biennium beginning September 1, 1947, Art. XIII, Sec. 2, provides in part that out of the money appropriated for each "school year" of the biennium, the sum of $125,000.00 is set aside for the Audio Visual Division of the Department of Education. An express restriction upon the use of this appropriation to the Audio Visual Division is made in that it ". . . shall be used only for the purchase and repair of films, film strip and slides."

We quote from Art. VI, H. B. 295, Vernon's Texas Session Law Service, 50th Leg., p. 410, as follows:

"The State Superintendent of Public Instruction shall employ eighteen (18) Deputy State Superintendents and such other employees as may be authorized in the Departmental Appropriation Bill for the biennium ending August 31, 1949, and shall pay such salaries as are therein authorized and expend such other moneys as therein permitted out of the appropriation as shown for the Equalization Division of the Department of Education and such Deputies and other employees shall be used exclusively for the administration and supervision of this Act."

The regular departmental appropriation for the Department of Education in S. B. 391, 50th Leg., Vernon's Texas Session Law Service, at page 841, contains the following paragraph:

"This appropriation shall be as above provided and no other salary or expenditure shall be paid for any purpose other than those itemized herein."

Construing the above quoted provisions of the law together and in relation to the question you have propounded to us, we believe that it was the Legislature's intent to restrict the number of employees of the Department of Education to those itemized in S. B. 391 and that those outlined in this Act are the designated ones to carry out the functions of your Department.  S.B. 391 being the biennial appropriation act, cannot control a general law, but may express a legislative intent as to use of the moneys appropriated therein and any restriction upon the use of moneys so appropriated will govern so long as it does not run afoul a general law.  The last above quoted paragraph from S. B. 391 stands as an expression of the Legislature unfettered by any provision in H.B. 295.

Art. VI of H.B. 295 is the only provision for hiring any person in this Act, with the exceptions of the Legislative Accountant from the $30,000 allocation in Art. XIII, Sec. 2, and of the employees of the Division of Purchasing of the Board of Control from the $25,000 allocation in the same Art. XIII, Sec. 2.  With regard to the $30,000 allocation in Art. XIII, Sec. 2, the Legislature specifically provided "for the expenses of the Legislative Committee, the salary of the Legislative Accountant. . . ." As to the $25,000 allocation the Legislature provided (p. 416, Vernon's Texas Session Law Service, 50th Leg.)  "The Board of Control may expend such amounts for salaries, maintenance, . . ."

No provision is found in H. B. 295 pertaining to the payment of salaries from the $125,000 allocation to the Audio Visual Division.  The repair work contemplated in H.B. 295 may be accomplished on a contract basis with a private concern or parties on whatever terms most suitable and economical to the State's interest as you think best.

Hon. L. A. Woods - Page 3 (No. V-414)

We are therefore of the opinion that the State Superintendent would not be permitted to employ a person for the Audio Visual Division of the Department of Education to repair films and pay his salary from the $125,000 allocation to the Division in H.B. 295.

## SUMMARY

The State Superintendent of Public Instruction has no authority to employ a person for the Audio Visual Division of the Department of Education to repair films, film strips and slides as contemplated by H.B. 295, 50th Legislature, and pay his salary out of the $125,000.00 appropriation contained therein. Such work may be done by contract, job-work, or methods other than salaried employees.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

James T. Bryan
Assistant

JTB/lh

APPROVED:

ATTORNEY GENERAL